**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| MICHAEL SCHOONMAKER, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER DONALD HOLLAND, SR.; OFFICER F. SYDNOR; OFFICER D. DABNEY; OFFICER KIRK SPARKS; OFFICER RICHARD JOHNSON; CITY OF ATLANTIC CITY; et al. Defendants. | Civil Action No. <br><br> 2:13-CV-683-ES-SCM <br><br><br> **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND** <br><br> **[D.E. 2]** |

STEVEN C. MANNION, United States Magistrate Judge.

I. **INTRODUCTION**

Before the Court is plaintiff Michael Schoonmaker's (hereinafter "Plaintiff") Motion to Remand this case to the Superior Court of New Jersey, Sussex County. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, United States District Judge, has referred the instant motion to the undersigned for report and recommendation. Having considered the parties' respective submissions, and for the reasons set forth herein, it is respectfully recommended that Plaintiff's Motion to Remand be **granted**. Additionally, it is recommended that Plaintiff's request for attorneys' fees and costs be **denied.**

1

## II. BACKGROUND

This case arises from an incident that Plaintiff alleges occurred on December 29, 2010 in Atlantic City, New Jersey. (Docket Entry ("D.E.") 1-1, Plaintiff's Complaint, at p. 8-9). Plaintiff alleges that certain members of the Atlantic City Police Department used excessive force when arresting him and in doing so violated his civil rights under both the U.S. and New Jersey Constitutions, federal and state civil rights statutes as well as under state tort law. (*Id.*). The arrest and alleged excessive force occurred in the aftermath of a fight at The House of Blues, located in the Showboat Casino. (*Id. at p. 9*).

On December 17, 2012, Plaintiff filed a twelve Count Complaint in the Superior Court of New Jersey- Sussex County Law Division. (D.E. 1-1). The Atlantic City defendants include Police Officers Donald Holland, Sr., F. Sydnor, D. Dabney, Kirk Sparks, Richard Johnson, the City of Atlantic City, Atlantic City Police Department, Police Chief Ernest Jubilee individually and in his official capacity, and Christine M. Peterson; (collectively the "Atlantic City Defendants"). (Id.) The Casino defendants included Caesars Entertainment, Inc.; Caesars Entertainment, Inc. d/b/a Atlantic City Showboat, Inc.; and Atlantic City Showboat, Inc. (collectively the "Casino Defendants"). (Id.) The remaining defendant is The House of

Blues Entertainment, LLC (hereinafter "Defendant House of Blues"). (*See Id*.).

All defendants were served with a summons and copy of the Complaint on January 3, 2013. (D.E. 2-3, Plaintiff's Brief in Support of Motion to Remand, at p. 2). The Atlantic City Defendants filed their notice of removal with this Court on January 31, 2013 pursuant to 28 U.S.C. Sections 1441 (b) and 1446. (*See* D.E. 1, Notice of Removal). There is no evidence or allegation within the Notice of Removal that the Casino Defendants or Defendant House of Blues consented to the removal. (*See* D.E. 1).

The Atlantic City Defendants contend that they were unaware of who represented defendant Atlantic City Showboat, Inc.[1] and were therefore unable to obtain consent prior to filing the aforementioned Notice. (D.E. 3-2, Removing Defendants' Brief in Opposition to Motion to Remand, at p. 5).

---

[1] On the face of the Complaint, 'Caesars Entertainment, Inc.' is listed as a co-defendant. Also, 'Caesars Entertainment, Inc. d/b/a (doing business as) Atlantic City Showboat, Inc.' is also listed as a co-defendant. Thus, it is presumed, for the purpose of this Motion, that defendant Caesars Entertainment, Inc.; Caesars Entertainment, Inc. d/b/a Atlantic City Showboat, Inc.; and Atlantic City Showboat, Inc. are one co-defendant. The removing defendants have chosen to refer to the herein-described co-defendant as Atlantic City Showboat, Inc. in its motion papers; therefore, for the purposes of clarity the Court will also refer to this co-defendant as Atlantic City Showboat, Inc.

On or about February 5, 2013, the Casino Defendants answered the Plaintiff's Complaint in the Superior Court. (D.E. 2-3 at p. 3). Plaintiff moved for remand on February 21, 2013. (D.E. 2, Plaintiff's Motion to Remand). The next day, counsel for the Atlantic City Defendants obtained consent for the removal from counsel for defendant Atlantic City Showboat.[2] (*Id.* at p. 6).

### III. <u>SUMMARY OF PARTIES' POSITIONS</u>

**A. Plaintiff's Moving Brief**

Relying on the rule of unanimity, which requires that all defendants join in or consent to removal, Plaintiff argues that the instant case should be remanded due to the procedural defect of defendants' failure to obtain consent to the removal from all of the other defendants within the thirty (30) day period for removal. (D.E. 2-3 at p. 2-4). Additionally, Plaintiff moves for an award of attorneys' fees and costs of remand, not due to any bad faith on the part of Defendants, but instead, to reimburse the party who sought remand. (*Id.* at p. 4, 5).

---

[2] In their moving papers, the removing defendants identify Atlantic City Showboat, Inc. as the co-defendant from which they eventually obtained consent to the removal- albeit after the thirty-day period for removal had passed. The removing defendants never discuss whether consent was obtained from the other non-removing co-defendant, The House of Blues Entertainment, LLC d/b/a The House of Blues/The House of Blues ("The House of Blues").

4

**B. Defendants' Opposition Brief**

The removing defendants acknowledge the unanimity rule but argue that one of the exceptions to this rule applies. (D.E. 3-2 at p. 5). Specifically, the removing defendants posit that while they were aware that Atlantic City Showboat was a co-defendant, they were unaware as to who represented Atlantic City Showboat. Consequently, according to the removing defendants, co-defendant was essentially unknown. (*Id*.).

On the issue of costs and attorneys' fees, removing defendants argue that because the removing party had an objectively reasonable basis for seeking removal and because a procedural mistake does not typically warrant such an award, Plaintiff's request for attorneys' fees and costs should be denied. (*Id*. at p. 6, 7).

**C. Plaintiff's Reply**

In their reply Plaintiffs assert that the filing of a notice of consent after the thirty-day removal period has ended does nothing to cure the procedural defect. (D.E. 4, Plaintiff's Reply Brief, at p. 3). Plaintiff cites various cases that hold that removal is a "strictly applied rule" that may not be extended by the court. (*Id*. at p. 4). Additionally, Plaintiff counters that none of the exceptions to the unanimity rule apply in this case. (Id. at p. 6). Plaintiff does not rebut the

removing defendants' arguments against awarding attorneys' fees and costs.

**IV. Discussion**

A decision to remand is dispositive. *In Re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, the undersigned makes the following report and recommendation to the assigned United States District Judge, the Honorable Esther Salas.

**A. Lack of Consent from All Defendants**

It is well established law in the Third Circuit that the removing defendants bear "the burden of showing, at all stages of litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)). The procedure for timely removal is governed by Title 28, Section 1446(b)(1) of the U.S. Code, which states, in relevant part that "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. § 1446(b)(1). The term

6

'defendant' in the aforementioned statute has been construed to require all defendants to consent to removal. *Lewis v. Rego,* 757 F.2d 66 (3d Cir. 1985).

This requirement, that all defendants join in or consent to removal is commonly known as the unanimity rule. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995). Unanimous consent must be communicated in a writing directed to the Court. *Michaels v. State of New Jersey*, 955 F.Supp 315, 321 (D.N.J. 1996)(consent must be communicated in a writing directed to the Court). Here, the Notice of Removal neither alleged unanimous consent not included any manifestation of consent from the Casino Defendants or Defendant House of Blues.

There are three exceptions for when the rule of unanimity does not apply: 1) when a non-joining defendant is unknown or a nominal party; 2) when a defendant has been fraudulently joined; or 3) when a defendant has not been served at the time of removal. *Id.* The Atlantic City Defendants argue for the first exception as to defendant Atlantic City Showboat. They contend that the defendant was essentially unknown because their counsel "were not aware as to who represented Atlantic City Showboat". (D.E. 3-2 at p. 5). This argument, however, conflicts with the language of the claimed exception requiring that a non-consenting defendant must be unknown to the removing defendant, lest the removal suffers from a procedural defect that justifies

7

remand upon motion by the non-removing party. The removing defendants have effectively defeated their own argument by admitting they "were aware" that defendant Showboat was a co-defendant. (*Id.*). It is inconsistent and untenable that the removing defendants can admit to knowing that Atlantic City Showboat was a co-defendant yet also claim that this co-defendant was "essentially unknown" because the identity of its attorney was not known to them when they filed the Removal. The "unknown defendant" exception to the unanimity rules does not contain any language that can be reasonably read to equate not knowing the identity of a known co-defendant's attorney with not knowing the identity of a co-defendant. The removing defendants have not cited to any binding or persuasive authority in support of this interpretation of the unknown defendant exception. The removing defendants are effectively asking this court to expand the unknown defendant exception to include defendants who are known but whose attorney is not known to the removing defendant. This Court declines to take it upon itself to create an exception within the unknown defendant exception that would have the effect of undermining the rule of unanimity.

**B. Obtaining Consent After the Removal Period**

The removing defendants have further argued that because they obtained consent upon learning the identity of previously non-consenting co-defendant Atlantic City Showboat, Inc.'s attorney – albeit after the thirty-day period for removal has expired- the unanimity rule was then satisfied. (D.E. 3-2 at 4, 5). Again, the removing defendants cite no case law that supports the proposition that consent may be obtained after the expiration of the thirty-day removal period.

On the other hand, Plaintiff's Reply Brief cites to numerous cases holding that consent obtained beyond the thirty-day period does not cure the procedural defect. (D.E. 4 at p. 3). As Plaintiff has proffered, it is well established law that the subsequent filing of an untimely notice of consent does nothing to cure the defect in the removal procedure, and thus must be rejected by the Court. *Cacoilo v. The Sherwin-Williams Company,* 902 F. Supp. 2d 511 (D.N.J. 2012)(defect in unanimity for removal cannot be cured after the 30-day removal period); *Pinnacle Choice, Inc. v. Silverstein,* 2008 U.S. Dist. LEXIS 36786 (D.N.J 2008); *New York Reg'l Rail Corp. v. Bridges,* 2006 U.S. Dist. LEXIS 40935 (D.N.J. 2006); *Hicks v. Monaco Coach Corp.,* 2006 U.S. Dist. LEXIS 92349 (D.N.J. 2006); *Raju v. 315 Willow Avenue Condo. Ass'n,* 2008 U.S. Dist. LEXIS 5891 (D.N.J. 2008). Consequently, the removing defendants' argument that

consent obtained after the expiration of the removal period must be rejected.

Either way, the removing defendants cannot establish unanimity without Defendant House of Blues. They have not even argued that Defendant House of Blues gave its consent at any time. Therefore, in the context of this motion it is uncontested that the removal was defective. The removing defendants have not met their burden to defend the removal and therefore remand is appropriate.

### C. Attorneys' Fees & Costs

Pursuant to 28 U.S.C. Section 1447 (c), "an order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447 (c). While the Court has broad discretion in determining to award fees, (*Mints v. Educ. Testing Services,* 99 F.3d 1253, 1260, (3d Cir. 1996)), fee shifting should only occur if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied. *Id.* The *Martin* precedent supersedes any Ninth Circuit precedent the Plaintiffs argue in their brief. (*See* D.E. 2-3 at p. 5). Here, the removing Defendants' did not comply with the procedural requirements of §

1446 (b). However, the removing defendants' putative removal was reasonable based on the federal claims that would have been properly removed if it were not for the procedural defect. Thus, it would be inappropriate to award fees and costs to Plaintiff.

V.  CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand be **granted.** Additionally, it is recommended that the Plaintiff's Motion for costs and fees be **denied.** The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/1/2013 6:48:42 PM

Date: August 2, 2013